# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **MARIA RODRIGUEZ, an individual,** **Plaintiff,** v. **CORRAL WEST JORDAN, a Utah limited liability company, dba GOLDEN CORRAL WEST JORDAN,** **Defendant.** | **MEMORANDUM DECISION AND ORDER** **Case No. 2:13-cv-634-DB-PMW** **District Judge Dee Benson** **Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff's motion to compel.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND

Plaintiff was employed by Defendant at a restaurant in West Jordan, Utah. Plaintiff alleges in her complaint that she was subjected to sexual harassment by her supervisor, John Hogue ("Mr. Hogue"), and that her employment was terminated in retaliation for complaining

---

[1] *See* docket no. 17.

[2] *See* docket no. 11.

about the alleged harassment. Plaintiff alleges causes of action under Title VII for sexual harassment, sex discrimination, and retaliation.

## **LEGAL STANDARDS**

The motion before the court relates to discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Advisory Committee Notes for the 2000 Amendments to rule 26 direct parties and courts to "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery. Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1). With respect to limiting discovery, rule 26(b)(2)(C)(iii) provides that

> [o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii).

## ANALYSIS

In her motion, Plaintiff seeks compelled responses to Plaintiff's Interrogatories No. 9 and No. 10. Because those two interrogatories are substantively similar, and because Defendant's objections to both interrogatories are identical, the court will address them together.

Interrogatory No. 9 provides: "Identify all of Defendant's employees who worked at the [restaurant at issue] in the time period of March 2011 through September 2011, and for each employee, state their full name, job title, dates of employment, last known address and last known telephone number."[3] Interrogatory No. 10 provides: "Of the employees identified in response to Interrogatory [No.] 9 above, identify the employees who were under [Mr.] Hogue's supervision."[4] Defendant lodged the following objection to both interrogatories:

> Defendant objects to this interrogatory because it is not calculated to lead to the discovery of admissible evidence and because the information requested is in Plaintiff's possession. Defendant also objects to this interrogatory because it is overbroad in that it calls for the information of employees who never worked with Plaintiff or in her department.[5]

Plaintiff argues in her motion that Defendant's objections are not well taken. In response to Plaintiff's motion, Defendant presents arguments concerning each of its objections. The court will address those below, albeit in a different order than presented in Defendant's objections.

---

[3] Docket no. 11, Exhibit E.

[4] *Id*.

[5] *Id*., Exhibit F.

3

## I. Plaintiff's Department

First, Defendant argues that Interrogatories No. 9 and No. 10 are overbroad because they seek information about employees who did not work in Plaintiff's department. In support of that argument, Defendant makes a distinction between the areas of its restaurant. Defendant contends that workers at its restaurant are generally divided between the "front of the house" and the "back of the house." According to Defendant, workers in the "front of the house" include servers and cashiers, and workers in the "back of the house" include cooks and dish washers. Defendant asserts that, because Plaintiff worked in the "front of the house," only information about employees who worked in the "front of the house" is relevant to her claims because only those employees would have observed the alleged harassment. The court disagrees.

In the court's view, while Defendant's distinction between the "front of the house" and the "back of the house" may be a construct employed in its restaurant, it is not a valid basis for limiting the discovery Plaintiff seeks. As noted by Plaintiff, it is undeniable that there would be some interaction between those employees in the "front of the house" and those in the "back of the house." Further, it appears to be undisputed that Mr. Hogue was the supervisor of both "houses." For those reasons, the court cannot agree that employees working in the "front of the house" would have been the only individuals to have witnessed the alleged harassment. Accordingly, the court concludes that Defendant's argument on this point fails.

## II. Relevance

Defendant next argues that Interrogatories No. 9 and No. 10 are not seeking relevant information because responses to those interrogatories are not reasonably calculated to lead to the discovery of admissible evidence. In support of that argument, Defendant relies upon the

4

preceding argument, which the court has already rejected. For that reason alone, and based on the reasoning set forth above, the court concludes that the information sought by Interrogatories No. 9 and No. 10 is relevant to the claims and defenses in this case.

### III. Information in Plaintiff's Possession

Defendant next argues that the information sought by Interrogatories No. 9 and No. 10 is in Plaintiff's possession. Plaintiff contends, however, that because this case involves events that occurred nearly three years ago, she cannot recall the identities of all the persons sought by those interrogatories.

The court accepts in good faith Plaintiff's contention that she cannot recall the information sought by the interrogatories and concludes that Defendant has taken an untenable position on this issue. This is particularly true when the information sought by Plaintiff clearly is in Defendant's possession and would not be overly burdensome to produce. Indeed, Plaintiff has limited Interrogatories No. 9 and No. 10 to a very short time frame, and Defendant admits that it would be required to produce the identities of only about 120 past or current employees. For those reasons, the court concludes that Defendant's argument on this point is without merit.

### IV. Fishing Expedition

In its final argument, although not contained in its objections to Interrogatories No. 9 and No. 10, Defendant maintains that Plaintiff is conducting a fishing expedition by way of those interrogatories. In support of that argument, Defendant again relies on its contention that the interrogatories should be limited to those employees who worked in the "front of the house." Again, the court has rejected that argument and rejects it again here. As the court has concluded above, Interrogatories No. 9 and No. 10 are not overbroad, are seeking relevant information, and

do not impose an undue burden on Defendant. In light of those conclusions, the court cannot say that Plaintiff is engaged in any sort of a fishing expedition by way of Interrogatories No. 9 and No. 10.

## V. Award of Reasonable Expenses

As part of her motion, Plaintiff requests an award of reasonable expenses incurred in connection with her motion pursuant to rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 37(a)(5)(A). In relevant part, rule 37(a)(5)(A) provides:

> If [a motion to compel] is granted[,] . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

At the outset, the court notes that Defendant provided no argument in response to Plaintiff's request for an award of reasonable expenses. Nevertheless, the court will address the exceptions to rule 37(a)(5)(A) in turn. First, the court concludes that first exception to that rule does not apply here because Plaintiff did make good faith efforts to obtain the discovery at issue in her motion without court action. Second, the court concludes that Defendant's position in this discovery dispute was not substantially justified. In the court's view, Defendant's objections to

Interrogatories No. 9 and No. 10 are untenable and are an attempt to unilaterally and arbitrarily limit the broad scope of discovery under the federal rules. Again, the court has concluded that the interrogatories at issue are not overbroad, are seeking relevant information, and do not impose an undue burden on Defendant. Given those conclusions, and the court's rejection of all of Defendant's arguments, the court cannot see any valid justification for Defendant's failure to respond to those interrogatories in full. Third, the court cannot see, and Defendant does not contend, that there are any circumstances that would make an award unjust. Consequently, the court has determined that Plaintiff has made a preliminary showing that she is entitled to an award of reasonable expenses against Defendant under rule 37(a)(5)(A). At the same time, the court recognizes that before any such an award can be imposed against Defendant under rule 37(a)(5)(A), Defendant must be provided with an opportunity to be heard on that issue. *See id*.

In order to fully inform the court on the issue, and to provide Defendant with the requisite opportunity to be heard, the parties are directed to make the following filings. Within fourteen (14) days after the date of this order, Plaintiff shall file with the court an affidavit and cost memorandum detailing the reasonable expenses, including attorney fees, incurred in connection with her motion. Within fourteen (14) days after the filing date of Plaintiff's affidavit and cost memorandum, Defendant shall file a written submission detailing its position on the issue. After receipt of those filings, the court will make a final determination concerning the award of reasonable expenses against Defendant.

In summary, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to compel[6] is **GRANTED**, based on the reasoning set forth above.

2. Defendant shall provide full responses to Plaintiff's Interrogatories No. 9 and No. 10 within fourteen (14) days of the date of this order.

3. Plaintiff's request for an award of reasonable expenses incurred in connection with her motion is **GRANTED**.

4. The parties are directed to submit the filings referenced above concerning the award of reasonable expenses against Defendant. After receipt of those filings, the court will make a final determination concerning the award of reasonable expenses against Defendant.

**IT IS SO ORDERED**.

DATED this 17th day of June, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[6] *See* docket no. 11.