IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **MARIA RODRIGUEZ, an individual,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CORRAL WEST JORDAN, LLC, a Utah limited liability company, dba GOLDEN CORRAL WEST JORDAN,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No.  2:13cv634**<br><br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Corral West Jordan, LLC's ("Defendant") motion for a scheduling conference, to amend pretrial disclosures, and to amend the deadline for the special attorney conference.[2]

The court has carefully reviewed the motion and memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  See DUCivR 7-1(f).

Defendant seeks an order (1) referring this case to a district or magistrate judge for a settlement conference, (2) requiring the parties to amend their pretrial disclosures, and (3)

---

[1] *See* docket no. 17.

[2] *See* docket no. 50.

amending the scheduling order to set a new deadline for the special attorney conference. Defendant asserts that the order granting its motion for summary judgment on two of Maria Rodriguez's ("Plaintiff") three claims narrowed the scope of this case dramatically. With only one claim remaining, Defendant contends that a settlement conference may help the parties come to an agreement to settle this case.

Plaintiff opposes Defendant's motion for two reasons. First, Plaintiff contends that there is not a realistic possibility for settlement in this case, and, as such, requiring the parties to appear for a settlement conference would be a waste of time and resources. Second, Plaintiff asserts that because the original number of exhibits and witnesses disclosed is relatively small, requiring the parties to amend their pretrial disclosures unnecessary. Plaintiff argues that Defendant may make its objections to her proposed exhibits or witnesses at trial. Plaintiff did not state whether she opposes amending the scheduling order to extend the deadline for the special attorney conference.

This court will not order a party to attend a settlement conference when that party has indicated a clear objection to doing so. Accordingly, Defendant's motion with respect to the settlement conference referral is **DENIED WITHOUT PREJUDICE**. That said, this court strongly encourages Plaintiff to reconsider her position on settlement. In addition, Defendant's motion with respect to amending the parties' pretrial disclosures, as well as extending the deadline for the special attorney conference, is likewise **DENIED WITHOUT PREJUDICE**. Because there is a pending motion before Judge Benson for a scheduling conference to set this

matter for a final pretrial conference and for trial,[3] these issues may be raised and reconsidered by Judge Benson at that conference.

**IT IS SO ORDERED**.

DATED this 30th day of June, 2015.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[3] *See* docket no. 54.